UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MEDAL SPORTS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:15-cv-08276 |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| FRANKLIN SPORTS, INC. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Medal Sports Corporation ("Medal Sports"), by and through its attorneys, K&L Gates LLP, brings this action against Defendant Franklin Sports, Inc. ("Franklin") to obtain preliminary and permanent injunctive relief, actual damages, attorneys' fees, and costs for Franklin's patent infringement.

**NATURE OF THE ACTION**

1.  This is an action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, and is brought by Medal Sports against Franklin for Franklin's infringement of U.S. Patent No. 9,027,415 ("the '415 Patent") by making, using, offering to sell, and/or selling within the United States, and/or importing into the Untied States, without authority, the Go Pro Inflatable Electronic Kick Boxing Set ("Accused Product").

**THE PARTIES**

2.  Medal Sports is a corporation organized under the laws of Taiwan, with its principal place of business at 7F No 20, Sec 1, Heping W Road, Taipei, Taiwan, 10078.

3. On information and belief, Franklin is a Delaware corporation with its principal place of business at 17 Campbell Parkway, Stoughton, Massachusetts 02072.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§ 1 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has specific and general jurisdiction over Franklin because it has committed acts giving rise to this action within this Judicial District and has established minimum contacts within Illinois and within this Judicial District such that the exercise of jurisdiction over Franklin would not offend traditional notions of fair play and substantial justice. Franklin has continuous and systematic contacts in Illinois, including within this Judicial District, by way of at least its advertisement and promotion of its products, sales of its products, and distribution of its products.

6. Franklin has committed acts of infringement in this Judicial District. Specifically, the Accused Product is sold in Illinois and this Judicial District at least through retailers such as Amazon.com, Amazingshop and Walmart. *See* Exs. C, D, and E.

7. Franklin also maintains a fully interactive web site whereby it markets and sells the Accused Product directly to customers located in Illinois and this Judicial District.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Franklin has committed acts of infringement giving rise to this action in this Judicial District.

## MEDAL SPORTS AND THE 415 PATENT

9. Medal Sports is a leading company in the toys and sporting goods industry. Among the products Medal Sports sells is the Medal Sports Electronic Kick Boxing Game shown below:



10. Medal Sports invests heavily in the design and development of its products. Medal Sports protects its innovative developments through patents such as the '415 Patent.

11. In 2013, Medal Sports developed a kickboxing apparatus including a sensor designed to detect and visually and audibly register strikes.

12. The '415 Patent was filed on June 14, 2013.

13. On May 12, 2015, the United States Patent and Trademark Office duly and legally issued the '415 Patent, entitled "For sensing kickboxing apparatus and method of manufacture." A copy of the '415 Patent is attached as Exhibit A.

14. Medal Sports is the owner, by assignment, of the '415 Patent.

3

15. Compared to previous punching bags, the kickboxing apparatus described in the '415 Patent prevents misalignment of the sensor allowing greater detection accuracy. Additionally, the placement of the sensor in the apparatus reduces manufacturing defects and production costs.

**The Go Pro Inflatable Electronic Kick Boxing Set**

16. Franklin is in the business of manufacturing and marketing sporting goods.

17. Among the products Franklin provides is the Accused Product, the Go Pro Inflatable Electronic Kick Boxing Set. The Accused Product is shown below:



18. The Accused Product has light up sensors that keep track of hits. A copy of the instruction manual for the Accused Product is attached as Exhibit B.

19. Upon information and belief, the Accused Product was released in March of 2014, after the filing of the '415 Patent.

20. The Accused Product is offered for sale at least through the following retailers: Amazon, Amazingshop and Walmart. *See* Exs. C, D, and E.

21. Upon information and belief, the Accused Product was sold, and will continue to be sold, at Target and other retailers on a seasonal basis.

22. The Accused Product is also offered for sale through Franklin's website: http://franklinsports.com/go-pro-inflatable-electronic-boxing-set. *See* Ex. F.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 9,027,415

23. Medal Sports re-alleges and incorporates Paragraphs 1 through 22 of its Complaint as if fully set forth herein.

24. Upon information and belief, the Accused Product infringes the '415 Patent, including at least claims 1, 10, 13, 17, and 34 at least by implementing a plastic sheet body, a sensor, a sensor housing, an electronic device, and a display in its Accused Product.

25. Upon information and belief, Franklin infringes the methods claimed in the '415 Patent, including at least claim 25, by manufacturing an apparatus with a plastic sheet body, a sensor and a sensor housing.

26. Franklin has been and now is directly infringing either literally or under the doctrine of equivalents the '415 Patent in the state of Illinois, in this Judicial District, and elsewhere in the United States, by making, using, offering to sell, and/or selling, and/or importing into the United States, without authority, the Accused Product.

27. Upon information and belief, to the extent any of the steps of the claimed methods are undertaken by multiple parties, Franklin exercises control or direction over the entire process such that every step is attributable to Franklin.

28. Medal Sports has been injured by Franklin's infringing activities, and is entitled to recover money damages from Franklin adequate to compensate it for Franklin's infringement, but in no event less than a reasonable royalty together with interest and costs as fixed by the Court, and Medal Sports will continue to suffer damages in the future unless Franklin's infringing activities are enjoined by this Court.

29. Unless a permanent injunction is issued enjoining Franklin and its respective agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '415 Patent, Medal Sports will be greatly and irreparably harmed.

30. Franklin's infringement of the '415 Patent is exceptional, and thus, pursuant to 35 U.S.C. § 285, Medal Sports is entitled to its reasonable attorneys' fees and costs incurred in prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Medal Sports prays for the judgment in its favor and relief against Franklin, as follows:

A. A judgment in favor of Medal Sports that Franklin has infringed the '415 Patent;

B. A preliminary injunction against Franklin and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '415 Patent, including but not limited to an injunction against making, using, offering to sell, and selling within the United States, and importing into the United States, any products covered by the '415 Patent;

C. A permanent injunction against Franklin and its respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '415 Patent, including but not limited to an

injunction against making, using, offering to sell, and selling within the United States, and importing into the United States, any products covered by the '415 Patent;

  D. A judgment and order requiring Franklin to pay Medal Sports its damages, costs, expenses, and pre- and post-judgment interest for its infringement of the '415 Patent as provided under 35 U.S.C. § 284;

  E. A judgment and order declaring this case be an exceptional case within the meaning of 35 U.S.C. § 285 and that Medal Sports be awarded its reasonable attorney fees, expenses, and costs incurred in connection with this action; and

  F. Such other relief in law and equity as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Medal Sports hereby demands a trial by jury on all issues so triable.

Dated: September 21, 2015  Respectfully submitted,

  /s/ Christopher E. Hanba

  Christopher E. Hanba
  christopher.hanba@klgates.com
  Michael J. Abernathy
  mike.abernathy@klgates.com
  Kacy L. Dicke
  kacy.dicke@klgates.com
  K&L GATES LLP
  70 W. Madison St., Suite 7170
  Chicago, IL  60602
  Tel: (312) 372-1121
  Fax:  (312) 827-800

  **ATTORNEYS FOR PLAINTIFF MEDAL SPORTS, CORPORATION**